NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0259n.06

No. 11-4425

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 13, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DELRICO ROBERTSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| PHILLIP KERNS, Warden, | ) | OHIO |
| | ) | |
| Respondent-Appellee, | ) | |
| | ) | |
| | ) | |

BEFORE:  MARTIN and ROGERS, Circuit Judges, and TARNOW, District Judge.[*]

TARNOW, District Judge.

## I.  INTRODUCTION

Before this Court is Delrico Robertson's appeal of the District Court's dismissal of this habeas corpus petition.  Robertson argues that the testimony of Detective Upchurch was unlawfully admitted at trial, and that this admission was prejudicial.  The District Court found the testimony to be inadmissible, but it held that its admission was harmless error.  Robertson challenges the finding of harmless error.  Specifically, Robertson challenges his convictions for one count of felonious

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1

assault, including a gun specification, and one count of having a weapon while under a disability. For the reasons stated below, we AFFIRM the District Court's judgment.

## II. PROCEDURAL BACKGROUND

In 2006, Robertson was indicted by the Hamilton County, Ohio Grand Jury on four counts of felonious assault with a gun specification; three counts of having a weapon while under a disability; and one count of murder, also with a gun specification. All the offenses were tried before one jury. The jury found Robertson guilty on all counts. The trial court sentenced Robertson to an aggregate term of fifty years to life in prison: a seven-year term for each count of felonious assault; a three-year term for each gun specification; and eighteen years to life imprisonment for the one count of murder with the gun specification.

Robertson filed a timely appeal. In May 2008, the Ohio Court of Appeals merged the two counts of felonious assault as to victim Andre Hayes and the two counts of felonious assault as to victim Willis. The Court of Appeals otherwise affirmed the judgment of the trial court.

Robertson then appealed the decision to the Ohio Supreme Court. The Court denied jurisdiction and dismissed the appeal. In February 2009, Robertson was resentenced in accordance with the merging of the counts of felonious assault. However, because these counts were run concurrently, Robertson's aggregate sentence was not altered. Robertson then appealed this resentencing, which was affirmed by the Court of Appeals. The Ohio Supreme Court denied any further review.

Robertson then filed a Petition for Writ of Habeas Corpus in January 2010, in the United States District Court for the Southern District of Ohio. Robertson asserted three separate grounds for relief. These grounds for relief were:

Ground one: The prosecutor committed prosecutorial misconduct when he (1) asked the jury to infer crimes based on the damage caused, (2) argued facts outside the record blaming the defendant for weaknesses in the State's case, and (3) improperly asked the jury to use evidence in one joined charge as proof of separate charges as well. That misconduct violated Mr. Robertson's due process right to a fair trial.

Ground Two: Mr. Robertson's confrontation rights were violated when the State introduced the testimony of non-testifying witnesses through third parties. Mr. Robertson was prejudiced by that introduction because the statements improperly bolstered the State's case and represented the only unbiased eyewitness testimony regarding one of the discrete incidents.

Ground Three: Mr. Robertson received ineffective assistance of counsel when counsel failed to maintain an objection to prejudicial hearsay in violation of Mr. Robertson's confrontation rights and failed to object to prosecutorial misconduct th[at] violated Mr. Robertson's due process right to a fair trial.

In August 2011, the Magistrate Judge issued its Report and Recommendation, recommending denial of the petition and a limited issuance of a certificate of appealability. Robertson filed objections to the Report and Recommendation. The District Court Judge adopted the Report and Recommendation, and certified appeal only as to the second ground for relief, pertaining to the alleged violation of Robertson's confrontation rights at trial.

This second ground for relief addresses Detective Upchurch's trial testimony as to Willis' identification of Robertson as his shooter during the March 7, 2006 incident.

### III.  STATEMENT OF FACTS

3

In its review of the trial court proceedings, the state Court of Appeals included a thorough recitation of facts as to the three shootings for which Robertson was tried and convicted. Those facts relevant to the March 7, 2006 shooting of Michael Willis are included here:

> During the jury trial, the state alleged that, on March 7, two girls were fighting on the corner of 15th and Republic Streets in Cincinnati. According to Lawrence Maupin, Michael Willis attempted to break up the fight. Maupin testified that he had heard Robertson say, "Don't break it up." Willis ignored Robertson, and Robertson shot Willis three or four times in the back. Jamisha Willis, Michael's sister, testified that she arrived at the scene after her brother had been shot, and that she saw bullet wounds to his buttocks and thigh....
>
> Detective Robin Upchurch investigated the Willis shooting. According to Detective Upchurch, she spoke with Willis, and he eventually identified the person who had shot him...Lawrence Maupin testified that he had witnessed both the Willis shooting and the Cox shooting, and he identified Robertson as the shooter in both incidents.
>
> After Robertson had been connected to Cox's murder, police officers searched for him in the Cincinnati area. They were unable to locate him. About two weeks after Cox was shot, Robertson was arrested in Detroit, Michigan.

## IV. STANDARD OF REVIEW

This Court reviews a district court's judgment in a habeas matter de novo. *Staley v. Jones*, 239 F.3d 769, 775 (6th Cir. 2001).Under AEDPA, 28 U.S.C. § 2254(d), habeas relief may not be granted unless the previous state adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 131 S. Ct. 1388, 1398 (2011) (citation and internal quotation marks omitted). "[A] state prisoner must show that the

4

state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-787 (U.S. 2011).

Following *Fry v. Pliler*, 551 U.S. 112, 120 (2007), this Court held that the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), "'is broader and thus "subsumes" the question' of whether the state court's decision was 'objectively unreasonable'" under AEDPA. *Jaradat v. Williams*, 591 F.3d 863, 869 (6th Cir. 2010) (*citing Ruelas v. Wolfenbarger*, 580 F. 3d 403, 412 (6th Cir. 2009)).

## A. Sixth Amendment Confrontation Clause

The Sixth Amendment to the United States Constitution provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Testimonial hearsay is the "primary object" of the Sixth Amendment, and "interrogations by law enforcement officers fall squarely within that class." *Crawford v. Washington*, 541 U.S. 36, 53 & n.4 (2004)(holding that a "recorded statement, knowingly given in response to structured police questioning, qualifies [as testimonial] under any conceivable definition.") Specifically, the Court noted that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59.

## B. Prejudicial Effect

Under *Brecht*, an error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.

When reviewing Confrontation Clause violations for harmless error, this Court considers five factors: (1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Couturier v. Vasbinder*, 385 Fed. Appx. 509, 515 (6th Cir. 2010)(*citing Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986))(quotation marks omitted).

## V. DISCUSSION

Robertson appeals the second ground for relief listed in his habeas petition. Again, this ground for relief states:

> Mr. Robertson's confrontation rights were violated when the State introduced the testimony of non-testifying witnesses through third parties. Mr. Robertson was prejudiced by that introduction because the statements improperly bolstered the State's case and represented the only unbiased eyewitness testimony regarding one of the discrete incidents.

This second ground for relief included the following supporting fact: "Officer Upchurch testified about statements that Michael Willis, a victim, told him identifying Mr. Robertson. Michael Willis did not testify."

The State Court of Appeals found that Willis' statement to Detective Upchurch was testimonial, but that its admission at trial is harmless error. The District Court also found Detective Upchurch's statement to be testimonial, and that it had insufficient prejudicial effect. We agree.

In assessing the possible prejudicial effect of the testimonial statement, the Court considers two pieces of witness testimony, other than that of Detective Upchurch. First is the testimony of Lawrence Maupin, who witnessed the shooting of Willis on March 7, 2006. Maupin knew

6

Robertson, and identified him as the shooter. Maupin testified that he saw Robertson shoot Willis in the back three or four times with a revolver. Maupin also testified that Willis then ran to the corner and collapsed. The first police officer on the scene of this shooting confirmed that Willis had made his way from the site where he was shot around the corner before he collapsed. The parties dispute the credibility of Maupin's testimony. However, witness credibility must be a determination left to the jury. *United States v. Graham*, 622 F.3d 445, 448-49 (6th Cir. 2010).

Second, is the testimony of Jamisha Willis, the sister of victim of Michael Willis. Jamisha Willis testified that when she was walking outside with her brother, Michael saw Robertson and identified him as the March 7 shooter. The parties dispute the propriety of admitting Jamisha Willis' testimony at trial. On direct, Robertson's defense counsel objected to the identification and the court sustained the objection. The judge would later instruct the jury to disregard this testimony. However, defense counsel reintroduced the testimony on cross-examination. Jamisha Willis repeated several times on cross-examination, without objection, that "Rico" was the man who shot her brother. The Magistrate Judge found that Jamisha Willis's testimony did not violate the Confrontation Clause because it was nontestimonial. Robertson has not challenged that determination.

Jamisha Willis' testimony identifying Robertson as the man who shot Michael Willis is identical to, and therefore can take the place of, Detective Upchurch's inadmissible testimony. Moreover, Maupin's eyewitness testimony corroborates this identification. Robertson does not present any evidence to directly contradict Jamisha Willis or Maupin's testimony.

Therefore, on a weighing of the five factors, the admission of Detective Upchurch's testimonial evidence was harmless error, and was not substantially prejudicial to Robertson.

7

## VI.  CONCLUSION

The admission of Detective Upchurch's testimony was harmless error.  Therefore, we AFFIRM the judgment of the District Court.